| | |
|---|---|
| Buffey E. Klein | Lynn Hamilton Butler |
| Texas Bar No. 24032515 | Texas Bar No. 03527350 |
| **HUSCH BLACKWELL LLP** | **HUSCH BLACKWELL LLP** |
| 1900 N. Pearl Street, Suite 1800 | 111 Congress Avenue, Suite 1400 |
| Dallas, Texas 75201 | Austin, Texas 78701 |
| Phone: (214) 999-6100 | Phone: (512) 479-9758 |
| Fax: (214) 888-6170 | Fax: (512) 479-1101 |
| Email: buffey.klein@huschblackwell.com | Email: lynn.butler@huschblackwell.com |

**COUNSEL FOR THE DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| ESES MONAHANS, LLC, | § | CASE NO. 21-41080 |
| | § | |
| LAKEWOOD ENERGY SOLUTIONS, LLC, | § | CASE NO. 21-41079 |
| | § | |
| Debtors. | § | *Jointly Administered Under* |
| | § | *Case No. 21-40179* |

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE THE CLOSE OF BUSINESS ON APRIL 11, 2023, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE
AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

### APPLICATION FOR ENTRY OF FINAL DECREE

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

ESES Monahans, LLC and Lakewood Energy Solutions, LLC (together the "Debtors"), hereby file this Application for Entry of Final Decree and would show as follows:

1. On November 18, 2021, this Court entered its *Findings of Facts, Conclusions of Law, and Order Confirming Debtors' First Amended Joint Plan of Reorganization Under Subchapter V* (Docket No. 65) (the "Confirmation Order") confirming *Debtors' First Amended Joint Plan of Reorganization Under Subchapter V* (Docket No. 58) (the "Plan").

2. The Plan has been substantially consummated. As of the Effective Date[1], all Assets of each Debtor were vested in the respective Reorganized Debtor. The Assets were vested in such Reorganized Debtor fee and clear of all Liens, Claims, rights Interests, and charges, except as expressly provided for in the Plan.

3. All professionals' final fee applications have been approved. There are no outstanding contested matters or adversary proceedings pending or anticipated.

4. Debtors hereby request the entry of a final decree closing these chapter 11 cases pursuant to 11 U.S.C. § 350 and Bankruptcy Rule 3022, which provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motions or on motions of a party in interest, shall enter a final decree closing the case."

5. The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022 provides, in relevant part:

---

[1] All capitalized terms not defined herein will have the meaning ascribed them in Debtor's First Amended Joint Chapter 11 Plan of Reorganization under Subchapter V (Docket No. 58).

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor [or its successor] has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note.

6. Courts have generally used the six factors listed in the Advisory Committee Note to determine whether a case has been fully administered. *See, e.g., In re Valence Technology, Inc.*, Case No. 12-11580-cag, 2014 WL 5320632, at *3 (Bankr. W.D. Tex. Oct. 17, 2014); *In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, n.10 (Bankr. S.D.N.Y. 2008). The six factors are merely guidelines that aid a court's determination and not all factors have to be present before the Court enters a final decree. *See In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990); *see also Walnut Associates v. Saidel*, 164 B.R. 487 (E.D. Pa. 1994).

7. In the case at bar, the Debtors' chapter 11 cases have been "fully administered" within the meaning of § 350.

8. Subchapter V debtors are not required to pay U.S. Trustee quarterly fees therefore no quarterly fees are outstanding, and the Subchapter V Trustee has been discharged as required by § 350.

9. Accordingly, the Debtors believe that justification exists for entry of a final decree closing the above-captioned chapter 11, subchapter V cases.

WHEREFORE, the Debtors respectfully request this Court enter a final decree closing these cases and granting such other and further relief as the Court deems just and proper.

Dated: March 21, 2023      Respectfully submitted,

        HUSCH BLACKWELL LLP
        1900 N. Pearl Street, Suite 1800
        Dallas, Texas 75201
        (214) 999-6100 (main)
        (214) 999-6170 (fax)

By: */s/ Buffey E. Klein*
    Buffey E. Klein
    Texas Bar No. 24032515
    buffey.klein@huschblackwell.com

HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 (main)
(512) 479-1179 (direct)
(512) 479-1101 (fax)

    Lynn Hamilton Butler
    Texas Bar No. 03527350
    lynn.butler@huschblackwell.com

**COUNSEL FOR THE DEBTORS**

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing pleading was served upon the parties listed below via United States Mail, First Class and, for parties registered to receive such notices, via the Court's electronic transmission services, on this 21st day of March 2023.

                                      */s/ Buffey E. Klein*
                                      Buffey E. Klein

**Ecostream Energy Services, LLC**
2140 E. Southlake Blvd., Suite L-203
Southlake, TX 76092

**Internal Revenue Service**
Special Procedures
Stop 5022 AUS
300 East 8th Street
Austin, TX 78701

**Internal Revenue Service**
Centralized Insolvency Operations
P. O. Box 7346
Philadelphia, PA 19101-7346

**Lakewood Midstream, LLC**
5956 Sherry Lane
Suite 900
Dallas, TX 75225

**Lakewood Midstream, LLC**
c/o John T. Richer
Hall, Estill, Hardwick, et al.
320 South Boston Avenue
Suite 200
Tulsa, OK 74103-3706

**Tarrant County Appraisal District**
2500 Handley-Ederville Road
Fort Worth, TX 76118-6909

**Texas Comptroller of Public Accounts**
Revneue Acctg Div - Bankruptcy Section
P. O. Box 13528
Austin, TX 78711-3528

**Texas Workforce Commission**
TWC-Regulatory Integrity Div.
101 E. 15th Street
Austin, TX 78778-0001

**The Sealy & Smith Foundation**
c/o Douglas G. Rogers
2200 Market Street, Suite 500
Galveston, TX 77550

**Ward County**
c/o Don Stecker
112 E. Pecan Suite 2200
San Antonio, TX 78205

**Ward County Tax Assessor-Collector**
400 S. Allen Avenue, #102
Monahans, TX 79756

**Lakewood Energy Solutions, LLC**
2140 E. Southlake Blvd., Suite L-203
Southlake, TX 76092